IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO GRAY, JR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 25-CV-0918** |
| | : | |
| **ENTITY, PHILADELPHIA** | : | |
| **PARKING AUTHORITY,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES, J.                                                                                           JUNE 6, 2025

Plaintiff Antonio Gray, Jr., commenced this civil action by filing a *pro se* Complaint against the Philadelphia Parking Authority ("PPA"), asserting violations of his constitutional rights. (*See* ECF No. 2.) Gray also seeks to proceed *in forma pauperis*. (ECF No. 6.) For the f reasons set forth, the Court will grant Gray leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**[1]

Gray's factual allegations are brief. He states that the PPA "took possession of [his] . . . 2007 Ford Explorer on January 23, 2025, without providing an opportunity for a hearing to contest the action, in direct violation of [his] right to due process under the Fifth and Fourteenth Amendments of the U.S. Constitution." (Compl. at 2.) He asserts that this seizure violated his right to a "civil forfeiture of personal property hearing." (*Id.*) He sent numerous documents to the

---

[1]   The facts set forth in this Memorandum are taken from Gray's Complaint and attached exhibits (ECF Nos. 2, 2-1). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

PPA, but the PPA "refused to accept, acknowledge, or respond to the paperwork and concerns" that he sent. (*Id.* at 3.) He seeks "full payment of leasing rental agreement" from PPA at a rate of $50,000 per day, "relief for discharge of alleged debt . . . and a full refund of all forceful [sic] fees" that he incurred. (*Id.* at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Gray leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Gray's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Gray is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed

to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See*

3

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

### III. DISCUSSION

The Court understands Gray to assert procedural due process claims under the Fourteenth Amendment of the United States Constitution in relation to the impoundment and auction of his 2007 Ford Explorer. The mechanism by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Gray names only the PPA as a Defendant and, as his sparse allegations appear to relate to "the City[ of Philadelphia]'s role in providing a forum where parking violations can be contested and appealed," the Court understands Gray as attempting to lodge a claim for municipal liability. *King v. Philadelphia Parking Auth.*, 97 F. Supp. 3d 649, 653 (E.D. Pa. 2015), *aff'd sub nom. King v. City of Philadelphia*, 654 F. App'x 107 (3d Cir. 2016). He has failed to state such a claim.

To plead a basis for municipal liability against a city or other municipality under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.[2] *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

allege the existence of a policy or a custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id*. (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id*. (quoting *Bielevicz*, 915 F.2d at 850). For a custom to be the proximate cause of an injury, a plaintiff must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [the plaintiffs'] injury." *Id.* (internal quotations and alterations omitted); *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1191 (3d Cir. 1995) (to establish municipal liability, the plaintiffs "must show that a policymaker for the Township authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence").

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* "Ordinarily, this requires a plaintiff to identify a pattern of similar constitutional violations by untrained employees that puts municipal decisionmakers on notice that a new program is necessary." *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020) (internal quotations omitted). "Otherwise, the plaintiff needs to show that failure to provide the identified training would likely result in the violation of constitutional rights—*i.e.*, to show that the need for more or different training was so obvious." *Id.* (internal

5

quotations and alterations omitted).

Gray does not identify any municipal policy or custom that caused the alleged due process violations. Nor does he describe a pattern of constitutional violations or an obvious need for training or supervision that supports a plausible inference of a due process violation. Gray's conclusory allegations that the PPA violated his due process rights is not sufficient. *See, e.g.*, *Phillips v. Northampton Co., P.A.*, 687 F. App'x 129, 132 (3d Cir. 2017) (affirming dismissal of *Monell* claims where the complaint contained "wholly conclusory and highly generalized assertions about unspecified patterns of misconduct" based on "no facts to support the existence of any policy, custom, or practice beyond those involving [the plaintiff's] own [experiences]").

Gray's claims also fail because he has not adequately pled an underlying constitutional violation. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))). In order to state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life liberty, or property, and (2) the procedures available to him did not provide due process of law." *Rosado v. City of Coatesville*, No. 19-2426, 2020 WL 1508351, at *3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 255, 234 (3d Cir. 2006)). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Due process is not a technical conception with a fixed content unrelated to time, place, and circumstance. *Gilbert v. Homar,* 520 U.S. 924, 930 (1997). Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v.*

*Brewer,* 408 U.S. 471, 481 (1972).  Crucially, a plaintiff's due process rights are not violated by a governmental deprivation of property where there is an adequate post-deprivation remedy available.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that due process was not violated by government official's intentional deprivation of property, provided that a meaningful post-deprivation remedy was available).

The exhibits to Gray's Complaint belie his allegation that he did not receive adequate process, because he appends a notice of hearing and a statement of his appeal rights issued by the City of Philadelphia Bureau of Administrative Adjudication, which are signed by Gray and dated one day after he alleges his car was impounded.[3]  (*See* ECF No. 2-1 at 51-52.)  These procedures do not violate due process and, in any event, outline an adequate post-deprivation remedy.  *See King*, 654 F. App'x at 111 (concluding that the City of Philadelphia's procedures for parking ticket enforcement and adjudication, "which provides ample notice and multiple opportunities for both administrative agency and state court review of disputed parking violations[,] satisfy the requirements of due process"); *see also Tate v. D.C.*, 627 F.3d 904, 908-09 (D.C. Cir. 2010) (concluding that because plaintiff had notice of parking tickets and "hearings to contest them," her

---

[3]  Gray also appended to his Complaint over fifty pages of what purport to be documents creating his own "trust," a "leasing agreement" and "fee schedule" imposing various obligations on the PPA related to his impounded vehicle, and a "UCC financing statement," seeking this Court's imprimatur on those documents. (*See generally* ECF No. 2-1 at 1-48, 66-72; *see also* Compl. at 5 (seeking "an order acknowledging and affirming the applicability of [Gray's] fee schedule").)  There is no basis for that relief based on these submissions, as "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan and collecting cases); *see also Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (*per curiam*) (rejecting sovereign-citizen arguments against the PPA); *cf. United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

due process rights were not violated); *Jones v. Philadelphia Parking Auth.*, No. 11-4699, 2013 WL 12156078, at *1 n.1 (E.D. Pa. Mar. 27, 2013) (noting that "there is no constitutional or statutory right to park one's car wherever one wants" and denying leave to file an amended complaint against the PPA based on "exhibits to proposed amended complaint indicating that Mr. Jones received notice and a hearing" (first quoting *Int'l Union of Operating Eng'rs, Local 150 v. Vill. of Orland Park*, 139 F. Supp. 2d 950, 960-61 (N.D. Ill. 2001), then citing *Tate*, 627 F.3d at 908))).

## IV.    CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Gray's motion for leave to proceed *in forma pauperis* is granted and his Complaint is dismissed for failure to state a claim. The dismissal will be entered with prejudice and no leave to amend will be granted, as the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows.

NITZA I. QUIÑONES, J.